**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHNATHAN SEXTON, <br> Plaintiff, | Case No. 1:14-cv-98 |
| vs | Black, J. <br> Bowman, M.J. |
| JOSEPH LEE, et al., <br> Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

Plaintiff, a prisoner at the Marion Correctional Institution in Marion, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against Hamilton County and Colerain Township police officers Joseph Lee and Scott Owens, as well as Hamilton County Sheriff Jim Neil. (Doc. 1, Complaint, p. 4).[1] Plaintiff claims that on October 4, 2012, "a federal search warrant was executed on my house" by Homeland Security with the assistance of Hamilton County and Colerain Township police officers. (*Id.*, p. 5). Plaintiff states that Homeland Security "was there to seize my computer because of a prank email I had sent some 10 months before," and was "not there to arrest me." (*Id.*). While he was being interviewed by federal officers, defendants Lee and Owens searched his house. (*Id.*). Plaintiff alleges:

> Lee had opened my safe and gained access to an envelope containing $15,500. Lee took the money out of my safe and then took it to another location in the house. He called an informant of his at 5/3 Bank and began to inquire about my financial history. After the federal investigators were done interviewing me, Sgt. Owens questioned me about my Fathers two rifles that were in his bedroom. He and Lee made the decision to arrest me for possessing my Dads two rifles. Before I was handcuffed, I inquired to both Lee and Owens as to where my money was. Lee replied "Don't worry about it because you're a drug dealer and can always get some more." I was then searched and taken to the Hamilton County Justice Center. Upon arriving at jail, I called home. I told my Father and Mother about

---

[1] It is noted that plaintiff recently filed another unrelated complaint under 42 U.S.C. § 1983 with this Court. In that action brought against Hamilton County Sheriff Jim Neil and two correctional officers at the Hamilton County Justice Center (HCJC), plaintiff alleges his constitutional rights were violated while he was incarcerated at HCJC. *See Johnathan Sexton v. Jim Neil, et al.*, No. 1:14-cv-26 (Dlott, J.; Bowman, M.J.) (Doc. 3).

> the days events. I asked my father to locate my money. He said it was on the kitchen table but that it was not all there. Roughly $1,500 was missing.

(*Id.*). Plaintiff claims that the two officers improperly seized his father's guns without leaving a "chain of custody or property receipt." (*Id.*). Plaintiff states that in December 2012, he called Hamilton County Internal Affairs and spoke with the officers' supervisor, Captain Lloyd Zoeller, to report the "missing money" and "the illegal search into my financial history," as well as to inquire "as to where the guns were taken." (*Id.*).

Petitioner alleges that on January 18, 2013, he and his father met with his attorney about a "plea deal that was being offered," which "called for [his] Dad to forfeit the rifles" in exchange for the dismissal of all charges. However, on the day that he was scheduled to enter the plea agreement, the court instead granted a continuance and scheduled a trial date apparently because the prosecutor had changed her mind about the deal due to input from defendants Lee and Owens, who expressed to plaintiff's attorney that they were "angry about me calling internal affairs" and "told the prosecutor that if the charges were dropped they could be sued and held liable." (*Id.*, pp. 5-6). Plaintiff states that he was advised by his attorney that he "was not going to receive any plea agreement because of Corporal Lee," who had complained to the prosecutor's supervisor about the plea deal and wanted plaintiff to "receive jail time." (*Id.*, p. 6). The matter proceeded to trial, where plaintiff was "found guilty." (*Id.*). Prior to his sentencing hearing in March 2013, he reviewed the Pre-Sentence Investigation (PSI) report with his attorney. His attorney advised him that he was eligible for probation and that the attorney's "only concern with the report was a statement submitted by Corporal Lee." (*Id.*). In that statement, Lee said plaintiff was a "menace to the community;" that he had had "many encounters" with plaintiff in the past; and "that of all the people he had dealt with in his career, he feared [plaintiff] the most." (*Id.*). Plaintiff alleges: "None of this was true." (*Id.*). He was "subsequently given a sentence

of 30 months in prison which is currently under appeal." (*Id.*). Plaintiff states that Hamilton County Internal Affairs has refused to investigate the matter and that defendant Jim Neil "will not answer any calls pertaining to this matter." (*Id.*).

Plaintiff claims a violation of his rights under the Fourth and Fourteenth Amendments. (*Id.*, p. 7). He states that the Fourth Amendment violation occurred "when said Defendants conducted an illegal search of Plaintiff's financial history and records without a warrant or subpoena" and that the Fourteenth Amendment violation occurred "when said Defendants retaliated against the Plaintiff for contacting Internal Affairs regarding missing money by sabotaging a plea agreement and later by making false claims during a Pre-Sentence Investigation." (*Id.*). He further alleges that the "deliberate indifference of key supervisors is also a factor in this chain." (*Id.*). As relief, he requests $100,000 in compensatory damages and $100,000 in punitive damages from each defendant. (*Id.*).

The undersigned has obtained additional information about the circumstances giving rise to the instant complaint by reviewing the internet docket record of the underlying state criminal proceeding entitled *State v. Sexton*, Hamilton County Court of Common Pleas Case No. B1206747.[2] It appears from the state-court record that after plaintiff's arrest on October 4, 2012, the Hamilton County grand jury returned an indictment charging plaintiff with one count of having weapons while under disability and one count of recklessly violating the terms of a protection order by committing the felony offense of having weapons while under disability. In the Bill of Particulars that was filed in the case, the State further asserted:

---

[2] This Court has the authority to "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

> On or about October 4, 2012, . . . police officers executed a search warrant at the Defendant's residence. From a search of the residence, the officers recovered three firearms. The Defendant possessing firearms violated the terms of a protection order that was currently in place against the Defendant. The Defendant is currently under disability for a prior Robbery conviction and a prior Arson conviction which precludes the Defendant from possessing a firearm.

The case proceeded to trial before a jury, which found plaintiff guilty of both charges. In a sentencing memorandum submitted by counsel on plaintiff's behalf, plaintiff stated that the rifles found in his house, which he shared with his father, belonged to his father and that he was found guilty based on a finding of constructive possession of the rifles. Plaintiff was sentenced on March 19, 2013 to the thirty-month prison term. Plaintiff appealed to the Ohio Court of Appeals, First Appellate District, which issued a decision on January 29, 2014 affirming the trial court's judgment. On February 11, 2014, plaintiff filed a notice of appeal from the appellate court's decision. In the meantime, on February 3, 2014, plaintiff's father filed a motion with the trial court requesting that his rifles be returned to him "now that the case has terminated."

Upon review of the complaint in conjunction with the state-court record, the undersigned concludes that most of plaintiff's allegations fail to state an actionable claim for damages under 42 U.S.C. § 1983.

First, plaintiff's allegations are insufficient to state a viable § 1983 claim against defendant Jim Neil. The only factual allegation in the complaint pertaining to Neil is that Neil failed to answer plaintiff's phone calls. To the extent plaintiff suggests by that allegation that Neil should be held liable in his supervisory capacity for the alleged misconduct of the defendant police officers, plaintiff has not stated an actionable claim for relief under § 1983. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325

6

(1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). In the instant case, plaintiff has made no such allegation against Neil. Construing the complaint liberally, plaintiff is suggesting that Neil may be held liable for refusing to get involved in the matter or failing to investigate the police officers' conduct. However, in the absence of any factual allegations indicating "direct, active participation" in the misconduct alleged herein, plaintiff has "failed to state a plausible claim" against the Hamilton County Sheriff. *See Wingo,* 499 F. App'x at 455 (involving analogous claim against state correctional supervisory officials); *Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 23686352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations and quotations omitted). Therefore, Jim Neil should be dismissed as a defendant in this action.

Second, plaintiff has not stated a viable § 1983 claim against defendants Joseph Lee and Scott Owens to the extent that he challenges their search and seizure of the firearms that resulted in plaintiff's arrest and indictment in Hamilton County Common Pleas Court Case No.

7

B1206747 and/or their involvement in the State's prosecution of that case (including any failed plea negotiations) and plaintiff's sentencing. The allegations fail to state a claim for damages relief under § 1983 because a ruling in plaintiff's favor on those issues would necessarily cast doubt on the validity of plaintiff's state conviction and/or prison sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok,* 520 U.S. 641, 643 (1997).[3]

In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-87; *see also Edwards*, 520 U.S. at 643. The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 42 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

---

[3] It is noted that because plaintiff's conviction and sentence have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a § 1983 claim of malicious prosecution. As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

8

In *Heck*, the Supreme Court noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7.  The Court explained that "[b]ecause of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.*  In a later case, however, the Supreme Court pointed out that in some cases, "a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and that if it does it must, under *Heck*, be dismissed." *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007).  The Sixth Circuit has held that the district court must conduct a "case-by-case" assessment in determining "whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008) (and cases cited therein).

Here, it is clear from the face of the complaint that plaintiff's convictions for having weapons while under disability and violating a protective order still stand and have not been overturned or invalidated in accordance with *Heck*.  To the extent plaintiff alleges that he was illegally arrested and prosecuted because the defendants' search and seizure of the rifles from the residence he was sharing with his father was unreasonable and exceeded the scope of the search warrant, he raises a Fourth Amendment claim that necessarily implies his resulting convictions were unlawful.  The rifles found by the police officers when executing the search warrant constituted the reason for plaintiff's arrest and formed the basis of the criminal charges that were brought against plaintiff.  Therefore, a finding of a Fourth Amendment violation would invalidate plaintiff's convictions "because the search of the residence uncovered the evidence that was used to obtain the convictions." *See Gonzales v. City of Fostoria*, No. 3:13cv796, 2014

WL 99114, at *4 (N.D. Ohio Jan. 9, 2014); *see also Graves v. Mahoning Cnty.*, 534 F. App'x 399, 405 (6th Cir. 2013) ("In some cases, a Fourth Amendment violation invalidates a conviction where an unconstitutional search uncovered key evidence that must be suppressed."), *petition for cert. filed*, 82 U.S.L.W. 3409 (U.S. Dec. 19, 2013) (No. 13-747). In any event, even if plaintiff could challenge the search and seizure of the rifles without first having his convictions set aside, his allegations are insufficient to state a cause of action under § 1983 because he has not alleged any facts indicating that such conduct caused him "actual compensable injury" other than the injury of being convicted and imprisoned on the criminal charges. *See Heck*, 512 U.S. at 487 n.7 (holding that in order to recover damages for a Fourth Amendment violation, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)"); *see also Wilson v. Martin*, No. 3:12cv2368, 2013 WL 6493439, at *3-4 (N.D. Ohio Dec. 10, 2013) (citing *Heck* and *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995)).[4]

    *Heck* also bars any claim by plaintiff challenging the defendant police officers' conduct with respect to the plea offer that was allegedly withdrawn by the State and the trial court's sentencing decision. As discussed above with respect to the search and seizure of the rifles, a finding in plaintiff's favor on those issues would impugn the validity of plaintiff's convictions and/or the thirty-month prison sentence that was imposed by the trial court. Even assuming that

---

[4] It is noted that plaintiff is unable to prevail on any claim that he was injured by the police officers' "taking" of the rifles. As he himself stated in the state criminal proceedings, the rifles belonged to his father. Therefore, plaintiff has no standing to make such a claim. Moreover, the Fifth Amendment does not proscribe the taking of property by the government. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985). Although the Fifth Amendment prohibits the taking of property without just compensation, "the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure [provided by the State for seeking just compensation] and been denied just compensation." *Gonzales, supra*, 2014 WL 99114, at *10 (citing *Hensley v. City of Columbus*, 557 F.3d 693, 695-96 (6th Cir. 2009), and quoting *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. at 195).

a finding in plaintiff's favor on the plea offer issue would not necessarily invalidate plaintiff's conviction or sentence, plaintiff still has no cause of action under § 1983 because he has no constitutional right to a plea bargain. *See, e.g., Missouri v. Frye*, _ U.S. _, 132 S.Ct. 1399, 1406 (2012) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)); *Lafler v. Cooper,* _ U.S. _, 132 S.Ct. 1376, 1387 (2012); *United States v. Delgado*, No. 94-3714, 1995 WL 419003, at *7 (6th Cir. July 14, 1995) (citing *Mabrey v. Johnson*, 467 U.S. 504, 507 (1984)). Plaintiff's allegations regarding his sentence are also insufficient to state a cause of action under § 1983 because he has not alleged any facts indicating that the purported false statements contained in the PSI report caused him "actual compensable injury" other than the injury of being sentenced to a thirty-month term of imprisonment on the criminal charges. *See Heck*, 512 U.S. at 487 n.7; *Wilson*, *supra*, 2013 WL 6493439, at *3-4 (and cases cited therein).

    The only remaining allegations against the defendant police officers stem from their alleged misconduct during the search of plaintiff's home when handling money taken from plaintiff's safe and making inquiries at Fifth/Third Bank about plaintiff's "financial history and records." Plaintiff has not stated an actionable claim for damages under § 1983 regarding the search and seizure of his financial information because he has not alleged any facts even remotely suggesting that he suffered an "actual compensable injury" as a result of that conduct. *See Heck*, 512 U.S. at 487 n.7 (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986)).

    However, plaintiff has alleged that he is missing $1500 from the money that Lee and Owens took from his safe and moved to another location in his house. Therefore, at this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that only that Fourth Amendment claim against the two police officers is deserving of

further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, in sum, it is **RECOMMENDED** that defendant Jim Neil be dismissed as a defendant in this action and that all claims against defendants Lee and Owens be dismissed for failure to state a viable § 1983 claim for damages except for the Fourth Amendment claim stemming from the two police officers' search and seizure of money from plaintiff's safe during the search of plaintiff's residence on October 4, 2012.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED** for failure to state a claim upon which relief may be granted to the extent that plaintiff names the Hamilton County Sheriff, Jim Neil, as a defendant and alleges claims against defendants Lee and Owens stemming from (1) the search and seizure of firearms from plaintiff's residence; (2) the search and seizure of plaintiff's "financial history and records" from Fifth/Third Bank; (3) the two police officers' interference with a plea bargain that was initially offered but later withdrawn by the prosecutor; and (4) false statements allegedly made by defendant Lee in the PSI report that was submitted to the trial court for consideration in determining plaintiff's sentence. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Joseph Lee and Scott Owens as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document

submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                s/Stephanie K. Bowman
                                Stephanie K. Bowman
                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNATHAN SEXTON,
    Plaintiff,

vs

JOSEPH LEE, et al.,
    Defendants.

Case No. 1:14-cv-98

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc